ALBANY,
Jan. 1812.

JACKSON
v.
DE LONG.

</div>

Motion denied.

————◆❀◆————

## JACKSON, ex dem. STANTON, against DE LONG.

THIS was an action of ejectment. The cause was tried at the Orange circuit, in September, 1811. At the trial of the cause the title of the lessor of the plaintiff was admitted. The counsel for the defendant then offered to prove the following facts, in bar of the plaintiff's recovery; that previous to the commencement of the present suit, the lessor of the plaintiff and the defendant mutually entered into bonds of arbitration, which were respectively conditioned to abide and perform the award of certain arbitrators indifferently chosen and elected, to arbitrate, award, order, adjudge and determine of and concerning " all manner of bargains, actions, causes of action, bills, bonds, specialties, judgments, executions, extents, accounts, debts, dues, sum and sums of money, quarrels, controversies, trespasses, damages and demands, whatsoever, both in law and equity, or any otherwise whatsoever, which at any time or times heretofore have, had, been, moved, brought, commenced, sued, prosecuted, committed, omitted, done or suffered by or between the said parties, or either of them," &c. That the arbitrators, afterwards, and before the commencement of this suit, duly made and published their award, pursuant to the condition of the said bond, and did, inter alia, award that the lessor should pay to the defendant the sum of four hundred dollars, good and lawful money of the United States, at or upon the first day of December next ensuing the date of the award, and the further sum of five hundred and twenty-five dollars, on or before the first day of May following; and further, that if the lessor should give unto the defendant good security for the payment of the two before-mentioned sums of money, that then and in that case, the defendant should, within thirty days after such security should be given, or offered to be given, deliver up to the lessor, his heirs and assigns, full and peaceable possession of the farm whereon the defendant, De Long, then lived; (being the premises in question;) but in case the lessor should neglect or refuse to give the security aforesaid, that then the defendant should be entitled to the possession of the said farm, until the two before-mentioned sums of money should be paid. The

On a general submission to A. & B. arbitrators of all actions and causes of action, &c. the arbitrators awarded that A. should pay to B. two several sums of money at certain periods, and if he should give to B. " good and sufficient security for the payment of the said sums of money," that then B. should deliver up to A. the quiet and peaceable possession of a certain farm, on which B. then lived; but in case A. should neglect to give such security, then B. should be entitled to keep possession of the farm until the money was paid. It was held, that as the award did not define the nature and extent of the security to be given by A. it was void, for uncertainty.

ALBANY,
Jan. 1812.

JACKSON
v.
DE LONG.

execution and delivery of the bond, and the making and publishing the award were admitted.

A witness, on the part of the defendant, stated that some time in the month of *May*, in the year 1810, the lessor, in the presence of the witness, proposed that all disputes and controversies then pending between him and the defendant should be settled by arbitration, and that the proposals were assented to by the defendant, and the bonds above mentioned were accordingly prepared and executed. That at the time of the submission, the witness knew of only two disputes or controversies pending between the parties, one relative to an indictment under the statute of forcible entry and detainer found against the lessor, at the prosecution of the defendant, for a forcible entry on the premises in question; the other an action of trespass in the common pleas of *Orange* county, and that no other disputes or controversies were mentioned or referred to by the parties. This evidence was objected to by the plaintiff, and a verdict was taken for the plaintiff, subject to the opinion of the court on a case containing the above facts.

*Duer*, for the plaintiff, contended, that all that part of the award, relative to the lessor's giving security, and the defendant's continuing in possession, was bad;* but admitting it to be good, it could give no title or possession that would bar an action of ejectment. The case of *Johnson v. Wilson*† was conclusive to show that the award is imperfect and uncertain, and, therefore, void.

*Storey*, contra, insisted, that though an award could not transfer a title or freehold; yet it might give the temporary possession or holding, so as to bar an ejectment. He cited *Doe v. Rosser*, (3 *East*, 15.) 4 *Dallas*, 121, 122.

*Per Curiam.* The defence offered by the defendant was insufficient. The award directed that the lessor of the plaintiff should pay to the defendant two several sums of money at different periods, and that if he gave the defendant " good and sufficient security for the payment," the possession of the premises was to be delivered to him. But as the award has not defined the nature of the security, and whether it was to consist of real or personal security, or to what extent, it is so far void, for uncertainty; and the lessor of the plaintiff, who is admitted to have a good title to the premises, is entitled to recover without any previous tender of security.

Judgment for the plaintiff.

* 2 *Bulst.* 260.
*Str.* 1026.
† *Willes*, 250.