ALBANY,<br>August, 1820.<br><br>MYERS<br>v.<br>PALMER.

Judgment accordingly.(*a*)

*a Hauy* was sentenced to the state prison for 14 years, and *Flanders* for seven years.

------

MYERS *against* J. D. PALMER and L. PALMER.

THIS was an action of *assumpsit*, brought by the plaintiff, as endorsee, against the defendants, as first endorsers of a promissory note, made by *Parley Rice*, dated the 2d of *March* 1819, for 4,000 dollars, payable sixty days after date, to the defendants, or order. The note was also endorsed by *Robert Dingee*. At the trial, before Mr. Ch. Justice *Spencer*, at the *Dutchess* circuit, in *August*, 1819, the defendants called *Dingee*, the second endorser, as a witness, who was objected to, but the objection was overruled by the Judge. He testified, that the plaintiff and *Rice* applied to the witness to endorse a note for 2,000 dollars, to enable the plaintiff to raise money for his own accommodation. The witness, at first, declined; but the plaintiff told the witness, that if he would endorse the note, the defendants would also endorse

The plaintiff requested the defendants, and *R.*, to lend him their names to a note for 2,000 dollars, for the purpose of raising money for the accommodation of the plaintiff, and it was agreed that *R.* should make a note for 2,000 dollars, payable to the defendants, to be endorsed by them; and the defendants, accordingly, endorsed a blank paper, which the plaintiff, without the

privity or consent of the endorsers, procured *R.* to fill up with a note for *four* thousand dollars: *Held*, that *D.*, a subsequent endorser, and the *maker*, were competent witnesses to prove the fraud in the filling up of the note.

it; after much conversation and persuasion, the witness, and the defendants agreed, without any consideration, to lend the plaintiff their names, by endorsing a note to be drawn by *Rice* for 2,000 dollars. They accordingly endorsed their names upon a blank paper, and delivered it to *J. D. Palmer* to have it filled up with a note for 2,000 dollars. The plaintiff, without the privity or consent of the endorsers, persuaded *Rice* to draw the note for 4,000 dollars. *R.* the maker, was also called as a witness, and was objected to; but the objection being overruled, he testified to the same facts. Several other witnesses were also produced on the part of the defendants. The plaintiff submitted to a nonsuit, with leave to move the Court to set it aside, upon a case to be made.

The cause was submitted to the Court without argument, upon a statement of the points and authorities.

*Per Curiam.* It is not objected that the witnesses were incompetent, on the ground of interest; but it is insisted that this case comes within the rule established in *Walter* v. *Shelly*, (1 *Term Rep.* 296.) and which has been adopted by this Court; (*Winton* v. *Saidler*, 3 *Johns. Cases*, 185; *Coleman* v. *Wise*, 2 *Johns. Rep.* 165; *Baker* v. *Arnold*, 1 *Caines' Rep.* 258; *Woodhull* v. *Holmes*, 10 *Johns. Rep.* 231; *Skilding* and another v. *Warren*, 15 *Johns. Rep.* 270.) to wit, that the party to a promissory note, as *maker* or *endorser*, shall not be admitted to impeach the original validity of the note to which they have given currency. It would, however, be a misapplication and abuse of this rule to extend it to this case. The reason and policy of the rule is, to guard and protect *bona fide* holders of negotiable paper, which they have honestly received in the usual course of business. Here the party who asks the benefit of that rule, is the very person who committed the fraud in the inception of the note, which is now relied on by the defendants to annul the contract. The nonsuit ought to be confirmed.

Judgment of nonsuit.(a)

(a) Vide *Mann* v. *Swann.* 14 *Johns. Rep.* 270. *Hubbly* v. *Brown*, 16 *Johns. Rep.* 70.