### SAMUEL ROSS *versus* MOSES KNIGHT *et al.*

In assumpsit against two, their several claims against the plaintiff, cannot be a set-off to his demand against them.

A delivered to B in payment of a debt a prommissory note made by C. Afterwards A paid to B the amount of the note and took and passed it to D. In an action on the note by D against C, it was held that the declarations of A that the note was an accommodation note, were not evidence for the defendant.

ASSUMPSIT upon a promissory note for $100 payable to Caleb Knight, or order, on demand, and by him endorsed.

The defendants pleaded severally the general issue, and each defendant gave notice that he should rely upon his several claims against Caleb Knight as a set-off.

The cause was tried at May term, 1827, when it appeared in evidence that the note mentioned in the declaration was, soon after its date, passed by Caleb Knight to Ira Goodall, in payment of another note, and that after it had remained sometime in the hand of Goodall Caleb Knight paid it and took it up.

The defendants then proposed to offer in evidence declarations of Caleb Knight, made before the date of this note, that he was going to procure it as an accommodation note from the defendants, in order to pass it to Goodall for the other note ; and also declarations of the said Caleb made while the note mentioned in the declaration was in Goodall's possession and before it was passed to the plaintiff, that the note was an accommodation note. But the court rejected this evidence.

The defendants then proposed to prove their several and separate claims against Caleb Knight as a set-off, but the court rejected the evidence, and a verdict was taken for the plaintiff subject to the opinion of the court upon the foregoing case.

*Bell*, for the plaintiff.

*Goodall* and *Woodbury*, for the defendant.

RICHARDSON, C. J. It is by no means clear, that the claims of these defendants against Caleb Knight could be admitted as a set-off in this case, if they were joint claims. Our statute provides that where there are mutual debts or demands between the plaintiff and defendant, one debt or demand may be set against the other. But here if the note has been actually transferred to this plaintiff and has become his property, Caleb Knight is neither nominally nor actually a party to the suit. He is in no sense plaintiff. In the case of *Levi Eaton* v. *Benjamin Brown*, in the county of Rockingham, November term 1814, which was assumpsit on a promissory note in the name of an indorsee against the maker, the defendant showed, that the note remained the property of the endorser and was then permitted to avail himself of his account against the endorser as a set-off. But in that case the endorser, although not nominally, was in reality the plaintiff, 8 Mass. Rep. 418, *Holland* v. *Makepeace* ; 1 Johns. 319 ; *Hendricks* v. *Judah* ; 13 Johns. 9 ; 10 Johns. 396, *Alsop* v. *Caines*. But it is unnecessary to settle this point at this time because we are of opinion that if Caleb Knight can be legally considered as plaintiff for this purpose, these claims being the separate and distinct claims of the defendants severally, cannot be considered as mutual debts within the intent of the statute. Montague 25 ; 2 D. & E. 32, *Fletcher* v. *Dyche* ; 11 Mass. Rep. 140, *Walker* v. *Leighton* and another.

We are therefore of opinion that the set-off was rightly rejected in this case.

But it is contended that the declarations of Caleb Knight that the note was an accommodation note ought to

have been admitted as evidence of that fact. We are inclined to the opinion that, if this note were made by the defendants merely for the accommodation of Caleb Knight and for the purpose of being passed to Goodall for a particular purpose, when paid by Caleb Knight, it ceased to be negotiable, and could not be legally transferred to this plaintiff without the assent of these defendants. 2 Starkie's N. P. C. 340 ; 1 H. Blackstone, 89, note ; 17 Mass. Rep. 615, *Guild* v. *Eager* ; 3 M. & S. 95, *Callow* v. *Lawrence* ; 1 Cowen, 387, *Havens* v. *Huntington* ; 10 Johns. 198, *Denniston* v. *Bacon.*

But to maintain this defence it must appear that the note was made for the accommodation of Caleb Knight, that it was delivered to him merely for the purpose of taking up the note in Goodall's hands, that it was afterwards paid by Caleb Knight and transferred to the plaintiff without the assent of the defendants. Now it may be conceded that Caleb Knight is not to be admitted to testify all these facts, because that would be to admit him to prove a fraud committed by himself. 1 N. H. Rep. 60, *Houghton* v. *Page* ; 10 Mass. Rep. 502 ; 4 ditto, 156 ; 18 Johns. 167.

But his declarations were offered to prove a fact not necessarily involving his own turpitude. The note may have been an accommodation note and have been passed to this plaintiff with a knowledge of that fact, or with the assent of these defendants. The testimony of Caleb Knight to this fact would not as of course, or by any direct or necessary consequence have affected the validity of the note or violated his plighted faith to the world. And according to the decision in *Baker* v. *Arnold,* 1 Caines Rep. 258, it was not enough to render him incompetent to testify that fact, that proof of that by him might have led to other testimony that might have affected the note. And we are of opinion that the declarations of Caleb Knight were not admissible because he might have been called to prove the fact, he is said to have admitted, if it

be true. 11 Johns. 128, *White* v. *Kibling* ; 17 ditto, 176, *Powell* v. *Waters* ; 15 ditto 270, *Skilding* v. *Warren*.

And if the admissions of Caleb Knight had gone far enough to make out the defence and he must have been excluded by the rule which declares that no witness is to be heard to state his own fraud, it is by no means clear that his declarations would have been evidence. If he is not to be admitted to state on oath his own turpitude, it will deserve serious consideration before his admissions of it can be received as evidence. 15 Mass. Rep. 223, *Butler* v. *Damon*.

It is also doubtful whether his admissions made in relation to the note when he had it not in his possesion, are evidence. 2. Bing. 269, *Pocock* v. *Billing*.

We are therefore of opinion that there must be

*Judgment on the verdict.*