## OLIVET CAREY *versus* COMFORT WILCOX.

An award, duly made, in pursuance of a submission, by which the title to real estate has been left to the decision of arbitrators, is conclusive as to the title.

Where C. and W. submitted the title to certain real estate to the determination of arbitrators, who decided in favor of W. and afterwards, in a submission of all controversies, between the same parties, to other arbitrators, the title to the same land was again brought in question by C. it was held that the validity of the first award was submitted to the second arbitrators; but if there was no ground to impeach the regularity of the proceedings of the first arbitrators, their determination was conclusive, and the last arbitrators could not go behind it to examine the merits of the controversy.

DEBT upon a bond. The defendant craved oyer of the bond, and also of the condition, which was as follows.

" The condition of this obligation is such, that if the above bound C. Wilcox shall, well and truly, stand to, obey, perform, fulfil and keep the award, order, arbitrament and final determination of E. S., J. H. and R. S. elected and named to arbitrate and award, order, judge and determine of and concerning all, and all manner of, actions, suits, bills, bonds, specialties, judgments, execu-

tions, extents, quarrels, controversies, trespasses, damages and demands whatsoever, at any time heretofore had, made, moved, brought, commenced, prosecuted, done, suffered or committed, or depending by and between the said parties, according to justice and equity, &c. then this obligation to be void."

He then pleaded no award.

The plaintiff replied that the arbitrators awarded that the said Wilcox should pay, to the plaintiff, $56,19, which the defendant had refused to pay.

The defendant rejoined that there was no such award, and concluded to the country, and the plaintiff joined the issue.

On the trial of the cause, in the court of common pleas at April term 1833, the plaintiff gave in evidence an award, such as was described in his replication.

The defendant then offered to prove, that, at the time of submitting their disputes to the arbitrators, there was, in fact, only one matter in controversy between them ; which was a claim of the defendant, against the plaintiff, for the use and occupation of a certain tract of land ; that the title to the said land had once been in dispute between them, but, on 19th January, 1826, that dispute had been submitted to arbitrators, who, on 27th January, 1830, awarded that the defendant should hold the land. The defendant further offered to prove that, on the hearing before the arbitrators under this bond, the said dispute, about the title to the land was taken into consideration by the arbitrators, and a portion of the sum awarded to the plaintiff, given as a compensation for the damage he had sustained by the loss of the land aforesaid.

To the admission of this evidence the plaintiff objected, and it was rejected by the judge who tried the cause, and a verdict taken for the plaintiff, subject to the opinion of this court on the above case.

*H. Hubbard* and *Gilchrist*, for the defendant.

Carey
v.
Wilcox.

The arbitrators, in a case of this kind, are competent witnesses. 4 Esp. 180, *Marten* v. *Thornton* ; 3 Greeneaf, 85, *Woodbury* v. *Northey* ; 1 Starkie's Evidence, 199, note 1.

And it may be shown, by parol evidence, that a particular matter was not in difference and not submitted. 4 D. & E. 146, *Ravee* v. *Farmer* ; and, ibid. 147, *Golightly* v. *Jellicoe* ; 5 Mass. Rep. 334, *Webster* v. *Lee* ; 3 Pick. Rep. 429, *Parker* v. *Thompson* ; 1 Esp. Rep. 377, *Bailey* v. *Lechmere* ; 6 D. & E. 607, *Seddon* v. *Tutop*.

Where arbitrators exceed their powers, their award is void. Comyn's Digest, " Arbitrament" E 1—3 ; 4 Mass. Rep. 448, *Worthen* v. *Stevens*, 10 ditto, 445 ; 11 East, 193 ; 4 Dallas, 74—75.

The first award settled the title to the land, between the parties, conclusively. It was as conclusive as a judgment. 3 East, 15, *Doe* v. *Rosser* ; 4 Cranch, 437 ; 4 Johns. 143 ; 4 Wheaton, 513 ; 11 Mass. Rep. 294 ; 15 Johns. 497.

And the merits of a judgment cannot be examined collaterally. 2 H. Bl. 414 ; 7 D. & E. 269 ; 8 Johns. 470 ; 11 Mass. Rep. 445 ; 1 N. H. Rep. 33 ; 2 ditto ; 61 ; 1 Pick. 435 ; 17 Mass. Rep. 396 ; 3 Johns. 168.

The claim of this plaintiff, for the land, was not within the terms of the submission. It was neither a cause of action nor a matter in controversy. It had been conclusively settled.

*Wilson, Jr.* for the plaintiff.

RICHARDSON, C. J. delivered the opinion of the court.*

When an award has been made in pursuance of a submission, by which the title to real estate has been left to the determination of the arbitrators, we consider the determination to be conclusive, between the parties, as to the title. 3 Cowen, 70, *Brown* v. *Hankerson* ; 7 ditto, 185, *Mitchell* v. *Bush* ; 7 Cranch, 171, *Davy's executor* v. *Faw* ;

---

* PARKER, J. having been of Counsel, did not sit.

6 Pick. 148 ; 9 Johns. 43, *Jackson* v. *Delong* ; 15 Johns. 197, *Sellick* v. *Addams;* ibid, 497, *Shepherd* v. *Ryers* ; Caldwell on Arbitration, 102 & 1 ; Kyd on Awards, 55 —63 ; 4 Pick. 507 ; 5 Cowen, 383 ; 2 ditto 638 ; 1 ditto, 117.

Whenever a report of referees is made under such circumstances that a judgment can be rendered upon it, then a judgment, thus rendered, like all other judgments, is final and conclusive between the parties, and the merits of the decision cannot be called in question collaterally.

But awards, in other cases, stand on very different grounds. Although, when duly made, in pursuance of the submission, they are conclusive ; yet, still, their validity may, at any time, be impeached on the ground that they were not warranted by the submission ; that the arbitrators were corrupt, or proceeded contrary to the principles of natural justice, or upon mere mistake which they themselves admit. Caldwell, 64.

It is clear, then, that the land may have been in dispute in this case, between the parties, notwithstanding the first award. If that award was shown not to be legally binding, nothing was settled as to the title of the land.

As the defendant, in this case, only offered to show that the last arbitrators took into consideration what had been determined by the first arbitrators, we are of opinion that the evidence was properly rejected.

If the defendant had offered to show that the last arbitrators, without any objection to the first award other than that it did not accord with their opinion on the merits of the case, had undertaken to reverse the first decision, we think that the evidence would have been admissible. If the first arbitrators had authority to settle the title, and there was no valid objection to the regularity of their proceedings, their award was con-

clusive, and the last arbitrators had no authority to go behind it.

After this opinion was delivered, the defendant offered to the court evidence, tending to prove that the last arbitrators considered the first award regularly made, in pursuance of the submission, but concluded that the first arbitrators had mistaken the merits of the case, and, for the purpose of enquiring into this matter, the verdict was set aside and

*A new trial granted.*