## ALDRICH *vs.* JESSIMAN.

Awards must be certain and intelligible; and where the controversy is as to
lines of land, in order to be conclusive as to the issue, should be so distinct
that an officer may be able to give possession of the premises, and designate
its limits by metes and bounds. Any award in such case short of this will
be void.

When arbitrators have once made an award, their office is at an end. They
cannot afterwards correct mistakes by a new award, or explain it by affida-
vit. Any construction given to it must rest on what is apparent in the ori-
ginal award.

THIS was a plea of land. The defendant plead *nul dis-
seizin* as to a portion of the tract described in the plaintiff's
writ, being that portion of land included in the boundaries
named in the second award, which is made a part of this
case, and disclaimed as to the remainder.

On trial the defendant offered in evidence an award in
reference to the land, made in pursuance of mutual bonds
between the parties, copies of which award, and of the con-
ditions of the bonds, are as follows, viz.

"The condition of the above obligation is such, that if I submit to
'the following agreement, this bond is null and void : if I do not, to be
'in full force and virtue. That is, I do agree to submit the dispute
'in reference to the lines between myself and the said John Jessi-
'man, to Timothy A. Edson of Littleton, David Priest of Lisbon,
'and Jonathan Brownson of Landaff, all of the county of Grafton, and
'state of New-Hampshire ; and I do agree that the said Edson,
'Priest and Brownson shall establish the boundaries of the land
'between us, and that the said Edson, Priest and Brownson shall
'make their award in writing as soon as may be, and the whole cost
'shall follow the judgment."

The award was as follows :

"STATE OF NEW-HAMPSHIRE—*Grafton ss.*, Nov. 26, 1834.

"We, the undersigners, your referees, chosen to decide a dispute
'between John Aldrich and John Jessiman, relative to a line be-
'tween two pieces of land, having carefully examined all the evi-
'dences and the long possession of occupants of the said premises,

' do award that the said John Jessiman have and hold the said pre-
' mises, and recover his of said John Aldrich. Referees' fees, six
' dollars.  Signed :  T. A. EDSON,
DAVID PRIEST,
JONATHAN BROWNSON."

The defendant offered to prove that the submission embraced the subject matter of this suit, and that the premises awarded to the defendant were the identical pieces of land now in controversy between the parties, and that the title to the same was settled by said arbitration.

To the admission of this award and evidence the plaintiff objected, on the ground that the award was void for uncertainty, and determined nothing betwixt the parties; and the objection was sustained by the court.

The defendant then offered in evidence a further paper, purporting to be the award of said arbitrators, a copy of which is as follows, with a copy of the note annexed to it by the arbitrators.

"STATE OF NEW-HAMPSHIRE—*Grafton ss.*, Nov. 26, 1834.

" We, the undersigners, your referees, chosen to decide a dispute
' between John Aldrich and John Jessiman, relative to a line be-
' tween two pieces of land, having carefully examined all the evi-
' dences, and the long possession of occupants of the said premises,
' do award that the boundaries shall be established in the following
' manner, viz.: Beginning on the river, at the northwestwardly
' corner of the Benjamin Applebee farm, thence running eastwardly
' on the line of the said Applebee farm one hundred and sixty rods
' to a stake and stones, thence northwardly forty rods parallel to
' the general course of said river, to a small beech tree spotted,
' thence westwardly, parallel with the first line, to a stake and
' stones, being forty rods from the north line of said Appleton farm.
' So it follows that the said John Jessiman is to hold the disputed
' ground, and recover his cost.
Signed :  T. A. EDSON,
DAVID PRIEST,
JONATHAN BROWNSON."

"I consider the above to be a true explanation of our judgment, 'and to fix the bounds of the land agreeable to the bound.

Signed :                    T. A. EDSON,

DAVID PRIEST,

JONATHAN BROWNSON."

In regard to this award, it appeared that within less than sixty days from the time of the hearing, and after the first mentioned award had been made and delivered to the parties, the said arbitrators, without any new or further hearing or examination of witnesses, made and signed the said last mentioned award, as a more distinct expression of their judgment, and offered the same to the parties as such. This being objected to by the plaintiff, was also ruled out by the court.

It was agreed, that if the court should be of opinion that the foregoing evidence was properly rejected, judgment should be rendered for the plaintiff. If, on the contrary, the court were of opinion that the evidence ought to have been received, and is sufficient to determine the defendant's right in said premises, judgment shall be rendered for the defendant.

*Bell* and *Bellows*, for the defendants, contended that the award was sufficient, and cited 2 *Caines' Rep.* 313, *Purdy* vs. *Delavan ;* 2 *Ld. Ray.* 961 ; 1 *Burrows* 275, *Hawkins* vs. *Colclough ; Kidd on Awards* 243 ; 14 *Johns.* 109, *Jackson* vs. *Amber ;* 1 *Ld. Raym.* 234, *Rosse* vs. *Hodges.*

*Smith,* for the plaintiff, contended that the authority given was a special power to settle lines in controversy, and to make an award in writing, and that an award could not be part in writing and part by parole, and that it could not be explained or enlarged by parole, and cited 8 *East* 54, *Irvine* vs. *Elnon ;* 2 *Rolle's Rep.* 215 ; *Cro. Jac.* 584 ; 2 *Pet. Ab.* 195 ; 5 *Pick.* 291, *Ward* vs. *Gould.*

UPHAM, J. It is an established rule, that awards should

be construed liberally, and that every reasonable intend-ment should be made in their support. 1 *Com. Dig.*, *Arbitrament, E*, 1 ; 2 *Ld. Ray.* 965. An award, however, is in the nature of a judgment, and must be certain and intelligible. It should be in pursuance of the submission, and ought to be wholly decisive ; for if it doth not determine the matter, it becomes the cause of a new controversy. 1 *Bac. Ab.* 142, *Arbitrament and Award, E*, 2.

This certainty, when it relates to controversies as to land, should be sufficient to enable an officer to give possession of the premises, and to designate its limits by metes and bounds. Any award short of this, on a submission of this character, would be wholly indecisive of the matter in issue.

Does the award of these arbitrators give any distinct decision as to the lines and premises in controversy. We think not. No intelligible opinion can be formed of the intention of the arbitrators.

They say, that, " having examined all the evidences re-'lative to a line *betwixt two pieces of land*, and the long 'possession of occupants, they award that the defendant 'should have and hold *the said premises ;*" but what these premises are it is utterly impossible to understand. The award goes farther, and says that said defendant " shall recover *his* of said Aldrich." This is still more indefinite and unintelligible. The award is clearly bad. It forms no decision of any matter in controversy, and cannot be made the foundation of any intelligible judgment.

In *Gargey* vs. *Aitcheson*, decided in Kings Bench, in 1822, and cited in 2 *Pet. Ab.* 171, the court remark : " If 'a man of common understanding, upon reading over an 'award, can comprehend the full meaning and intention of 'the arbitration, then it is sufficiently certain." This rule would be conclusive against the present award.

But a second award has been made, which the arbitrators by their note annexed to it say " they consider to be a true 'explanation of their judgment, and to fix the bounds of the 'land in controversy."

Bell
*vs.*
Kendrick & als.It is said by *Bacon* that an award is a judgment, and can only be expounded by itself, without the aid of an averment of matters *dehors* to explain the meaning of the arbitrators ; it is necessary that their meaning appear on the face of the award. 1 *Bacon's Ab.* 139, *Arbitrament and Award, E*, 1.

In *Irvine* vs. *Elnon*, 8 *East* 54, a new award was made and delivered within the time specified in the submission, to rectify a mistake in the first award ; but the court held that the second award was void, as the arbitrators' authority having once been completely exercised, they had become *functus officio.*

It seems well settled that referees cannot be examined by the court, to explain what on the face of the report is vague and uncertain ; and that the court cannot receive affidavits of the referees, giving a construction of their report, and stating the question which was meant to be presented. 1 *Wash.* 448, *Kingston* vs. *Kincaid ;* 5 *Pick.* 291, *Ward* vs. *Gould.*

The original award made in this case must remain. It can neither be superseded by a new award, nor explained by the arbitrators, but must be held as their final action upon the subject, and for the reasons alleged aforesaid, is void.                    *Judgment for the plaintiff.*