# CARROLL,

## DECEMBER TERM, 1850.

## HOBBS & a. v. CRAM.

The declaration of a former owner of land, made during his occupation of it, and who has since conveyed it by deed, that a certain corner was one of the corners of his land, is competent evidence in a suit against a subsequent owner of the premises, in which the boundary of the land is in controversy, although it may tend to show that the land is less in quantity than that described in the deed.

A boundary line, run out and established by a surveyor, in pursuance of an agreement of the parties, is conclusive upon them.

TRESPASS, for breaking and entering the plaintiff's close in Ossipee, and cutting down trees, &c. The defendant, under the general issue and a brief statement, justified as the servant of one Thompson, who was, as he alleged, the owner of the premises in question. It appeared that the plaintiffs and Thompson were owners of adjoining lands, and the controversy related to the position of the line between them.

The plaintiffs claimed under a conveyance which, in terms conveyed to a former owner, under whom they claim, the land to the line contended for by them, including the premises in dispute.

The defendant contended, and introduced evidence tending to prove, that not long after the purchase of the land claimed by the plaintiffs, the original grantor and grantee procured a surveyor, and ran out the land, for the purpose of establishing the line between them; and the line was, by their agreement, then marked where the defendant claims; that a fence was soon after erected on that line, and the parties have since occupied to that fence.

The defendant introduced a witness, to show that his father, who was formerly the owner of the land claimed by the plaintiff, had shown him a corner, on the line to which the defendant claims, as one of the corners of his land.

The plaintiff objected to the admission of this evidence, because it tended to contradict the deed given by the father of the witness, by making the quantity about five acres less than the quantity described in the deed. But the Court admitted the evidence.

The Court instructed the jury that, if they found that the parties to the original deed agreed to employ a surveyor to run out and establish the line between them, and the line was so run and marked, the parties, and all claiming under them, were bound by such line; and that a long continued occupancy up to such line was evidence from which, connected with other circumstances, the jury might infer such agreement to establish the line; and that the motives inducing the parties to vary the line from the description in the deed, (as, if the line was settled at the point in dispute, in consideration of a variation at another point, not now in controversy, by including a part of two lots in another range,) were wholly immaterial, if they were satisfied as to the fact.

To these directions the plaintiff excepted, and moved that the verdict might be set aside and a new trial granted, on account of the exceptions.

*Hobbs,* for the plaintiff.

*Emerson,* for the defendant.

GILCHRIST, C. J. The question in this case, relates to the position of the line dividing the land of the plaintiff from that of the defendant.

The father of a witness who once owned and occupied the land claimed by the plaintiff, showed the witness a corner on the line to which the defendant claims, as one of the corners of his land. The question is, whether this evidence is competent to be submit-

ted to the jury, as tending to show how far the plaintiff's land extends. Can the statement of a former owner of land made, as we understand it was in this case, during his occupation, pointing out his boundaries, be received in evidence against a subsequent owner of the premises ?

The plaintiff contends that the evidence is incompetent because it goes to contradict the deed given by the father of the witness, by making the land less in quantity than that described in the deed.

This position, however, cannot be maintained. In *Hadduck* v. *Wilmarth*, 5 N. H. Rep. 131, the testimony of the demandants grantor was received, although it went to invalidate the title conveyed by his deed. *Worcester* v. *Eaton*, 11 Mass. Rep. 369. The grantor in a deed not being interested in the event of the suit, is a competent witness to show that the deed was fraudulent. *Loker* v. *Haynes*, 11 Mass. Rep. 498. If the grantor may testify that the deed was fraudulent, his testimony may surely be received to show where the boundary of his land is situated, that being the question of fact in dispute between the parties, that being a matter generally within the owner's knowledge, and which it is for his interest to establish in the most favorable position for himself.

This exception was probably founded on what the counsel for the plaintiff considered was the decision of this court, in the case of the *Proprietors of Claremont* v. *Carlton*, 2 N. H. Rep. 369. That was the case of a writ of entry brought to recover a part of an island, situated on the north side of Sugar River, and opposite to lot 46. Evidence was offered that the southern monuments of the lot were erected on the north margin of the river ; and that the owner made no claim to the island, and showed the above monuments as his boundaries. A question arose whether the island was a part of lot 46, and passed by a deed of it ; and it was held that the island was a part of the lot, and did pass by a deed of it, and that the declarations of the former owners of the lot were not competent, in the view with which they were offered as evidence of title in the demandants, in contradiction to their deed, through which the tenant claimed, and that when

Hobbs v. Cram.

such declarations are competent, it is when they are offered to show the character of a possession, and whether limited by more or less confined boundaries. It was also held, that an unambiguous expression in a deed, could not be contradicted by evidence of any kind.

The case therefore settles only that the demandants, having made a deed of lot 46, which in legal construction included the island, could not contradict this construction by evidence that a former owner of the lot showed the monuments on the shore as his boundaries, and made no claim to the island. No such question arises in the case before us, and there is nothing in the principle adverse to our present decision.

The general principle is, that when a person is a competent witness to prove a fact, his declarations as to such fact, are not admissible. *Ross* v. *Knight*, 4 N. H. Rep. 236. But to this there are exceptions, one class of which is the admission of the declarations of a person identified in interest with one of the parties to the suit. In the case of *Woolway* v. *Rowe*, 1 Ad. & El. 114, the defendant called the son of a person who had formerly been the proprietor of the estate now held by the plaintiff, to prove that his father, while possessed of the property, had a right of common on Scorhill Down, the close in question, but never claimed any interest in it beyond that right, and that the witness had heard him say that he had no right to inclose the down. It was held, that his declarations were admissible on the ground of identity of interest, although the declarant was alive at the time, and might have been a witness. In *Spargo* v. *Brown*, 9 B. & C. 938, Mr. Justice *Bayley* says, " the general rule is that every material fact must be proved by testimony under oath. There is an exception to that rule, namely, that the declarations of a party to the record, or of one identified in interest with him, are, as against such party, admissible in evidence." A person may, by his admissions, qualify his own right, and another person who subsequently acquires an interest identical with his, succeeds only to the right thus qualified at the time when his title commenced. In *Walker* v. *Broadstock*, 1 Esp. 459, the question was as to a right of common claimed by the plaintiff, and the

defendants were permitted to show that a former occupier of the plaintiff's messuage, who was then living and had no interest in the cause, had, during his occupany, declared that he had no right of common appurtenant to the messuage.

Declarations of this kind derive their value and legal force from the relation of the party making them to the property in question, and are taken as a part of the *res gestæ*, and may be proved by any competent witness who heard them. The question is whether the admission was made, and, if so, it is competent to be weighed by the jury, as proof of the fact in dispute, and the question is not whether the fact contained in the admission be true.

In the present case, the owner of the land pointed out a corner as the limit of his territory. This is an admission that his land did not extend beyond that point, competent to be weighed by the jury as proof of the fact. It is evidence against the plaintiff on account of his identity of interest.

The instructions of the court in relation to the agreement, that the surveyor should run out and establish the line between them, were correct. The parties might agree that the surveyor should establish the line as well as that other persons should do so, and that the title to, and the boundaries of, real estate may be settled by arbitration, is well settled in this State. *Carey* v. *Wilcox*, 6 N. H. Rep. 177 ; *Page* v. *Foster*, 7 Ibid. 391 ; *Aldrick* v. *Jessiman*, 8 Ibid. 516 ; *Hale* v. *Woods*, 9 Ibid. 103. To the same effect is the case of *Doe* v. *Rosser*, 3 East, 15.

The defendant is therefore entitled to

*Judgment on the verdict.*