# CARROLL,

## DECEMBER TERM, A. D. 1854.

---

## PIKE *v.* GAGE & *a.*

A submission was made of all controversies and demands between the parties, and especially whether the defendants had the right to stop the water from the plaintiff's shingle mill, and also the question of the rights and liabilities of the parties in relation to the use of the water, and stopping the same.

The arbitrators awarded that the defendants had the right, for the use of their saw mill, to stop, in a prudent, proper and judicious manner, and retain the water from the shingle mill, by a dam above and near the Durgin bridge, and at the place where the dam then stood, and of the height of the present dam, sufficient to operate the saw mill as it had been operated since the dam near the bridge had been built, and not otherwise, and that the defendants should not in any other manner, nor for any other purpose, obstruct the water, but should permit the plaintiff to use it without molestation. *Held*, that the award was sufficiently certain.

In the absence of fraud, corruption or mistake, the judgment of arbitrators is conclusive upon the admission of evidence, and in such case it is not competent to prove upon what testimony the award was obtained.

CASE, brought November 10, 1851, in which the plaintiff claimed damages of the defendants, for erecting and maintaining a dam upon a certain brook, on which he had a shingle mill, and above the same, and thereby obstructing the flowing of the water of said brook to said mill, and detaining the same, and causing it to flow out of the natural channel, and across a tract of land owned by him, into the brook below said mill, and thereby depriving him of the use of said mill, and injuring said land, &c.

The defendants pleaded the general issue, with a brief statement, setting forth as a defence a submission and award, and alleging that the mills and dam therein mentioned are the same described in the writ, and that their use of their mill and dams has been in conformity with the award.

At the trial, which was commenced at the April term, 1853, of the common pleas, the plaintiff proved title to the shingle mill and land described in his writ, and that the defendants had used a dam built by them upon their land lying upon the same brook by which the plaintiff's mill is driven, and above his mill, at a reservoir, in which they retained water, and drew it as they had occasion, to keep in operation their saw mill, situated on their land below the plaintiff's mill.

It also appeared that whenever the water in the reservoir was high, the dam was so constructed that some of the water would escape from the dam, and run in a new direction over part of the plaintiff's land into the brook below his mill.

It appeared that the defendants' saw mill was put in operation in the spring of 1845, the plaintiff's shingle mill in the fall of the same year, and that the reservoir dam was built by the defendants in the year following, and was rebuilt in the fall of 1847.

The arbitrators delivered their award to the parties May 14th, 1849, after having made a personal examination of the mills and dam, and heard the testimony of the parties, and of other witnesses; but it did not appear that any particular claim was made by the plaintiff upon the defendants, on account of the injury to their land by the water escaping from the reservoir, and flowing out of the channel and injuring his land, (as this injury was not considered by the arbitrators as an independent matter,) though, as the defendants contended, the plaintiff did make a claim on account of the diversion of the water from the mill. The

Pike *v.* Gage.

plaintiff denied, however, that any claim was made on account of the diversion of the water.

The defendants contended that the award established the fact that the dam was rightfully erected and maintained, and that the award was a bar to any claim for any injury to the land, as this was a necessary consequence of the dam being erected and maintained ; and that they had used their mill and reservoir in the same manner, and for the same purposes, from the time when the award was made to the time of commencing this suit, as they had done before.

The plaintiff denied that the mill and dam of the defendants had been used since the award as they had been before, and contended that they had been used in a manner more injurious to him, and so as to render his mill almost entirely useless; and proposed to prove that the award was obtained by testimony that the defendants had never used the dam or controlled the water to the injury of the plaintiff. The plaintiff also took the position that the award was void, for uncertainty and other objections appearing on the face of it, and that he was not precluded from claiming damages for the injury to his land, accruing before the award was made, and that the award, if valid, did not alter the rights of the parties at common law. At the suggestion of the court, and by the agreement of the parties, the case was taken from the jury, in order that the validity and effect of the award might be determined before a long investigation of controverted facts, which might prove to be immaterial. The submission was by bond, and was conditioned that Pike should obey, fulfil and keep the award of the arbitrators upon all controversies and demands whatsoever, and especially whether Gage and Joseph H. Pike had the right to stop the water from the shingle mill of Robert Pike, jr., and upon the question of the rights and liabilities of the parties in relation to the use of the water and stopping the same.

The arbitrators awarded, that " John Gage and Joseph H.

Pike have the right, so long as a saw mill shall be continued where their saw mill now stands, and for the use of said saw mill, to stop, in a prudent, proper and judicious manner, and they may in such manner stop and retain from said shingle mill, by a dam kept up and continued above and near the Durgin bridge, and at the place where the dam now stands, and of the height of the present dam, and no higher, the water required to operate said saw mill, as the same has been operated since said dam near said bridge has been built, and not otherwise; and that said John Gage and Joseph H. Pike, or either of them, shall not in any other way or manner, nor for any other purpose whatever, stop or obstruct said water, but permit said Robert Pike, jr., to use the same without molestation or hindrance."

The award also required each party to execute to the other a release of all demands, &c., in the most comprehensive terms.

The plaintiff was to become nonsuit, or the case was to stand for trial, according to the opinion of the court.

*Hobbs*, for the plaintiff.

The award is void for uncertainty.

The defendants are authorized to stop, in " a proper, prudent and judicious manner," the water for the use of the saw mill. Who shall decide this?

It may be said that the mill is to be operated as it has been operated since the dam above the bridge was built. How has it since been operated?

On these matters the award is not final and conclusive. It leaves open the very questions which were submitted for arbitration. 6 Ad. & Ell. N. S. 730, found also, in 51 Eng. Com. Law Rep. 730; Angel on Water Courses, 508, (4th Ed.)

*Marston*, on the same side.

I. If the award determines anything, it is that the rights

of the parties in reference to the stream of water are as at common law; that each is entitled to a reasonable use of the water, as it runs through his land ; that neither, by adverse enjoyment or other mode than by their respective locations upon the stream, has either party acquired any superior right to the use of the water. Angel on Water Courses, (4th Ed.) §§ 115, 116, 117, and note to § 115.

II.　The award is not a bar to the plaintiff's claim for damages occasioned by the diversion of the water from its proper channel, and causing it to flow over his land in another direction.

The plaintiff made no claim before the arbitration for any such injury, and it was, therefore, not considered by them. That injury has been mostly occasioned since the date of the award.

The award requires mutual releases of all other causes of action than the use of the water, if requested, in ninety days.

Such releases have not been requested, and, of course, have not been given, and the award is therefore no bar to an action by either party, for any cause existing before such award was made.

III.　But the award is void altogether for uncertainty. It does not prescribe the time or manner in which the defendants may stop the water by means of their upper dam. It does not prescribe the height at which the upper dam may be maintained, although it purports to do so.

It allows the defendants to stop the water required to operate their saw mill, as the same has been operated since the dam has been built, in a proper, prudent and judicious manner, by a dam as high as the present one ; but it does not state how the mill has been operated since the dam has been built, or how that fact is to be ascertained. *Stonehewer* v. *Farrar*, 6 Ad. & Ell. N. S. 730, (5.) 2 B. 730 ; *McDonald* v. *Bacon*, 3 Scam. (Ill.) Rep. 428 ; Caldwell on Arbitration.

IV.   The award is also void in that it is not final.   It required releases to be executed in ninety days, if so requested.   No releases have been given, and none requested.   No cause of action is barred by the award, and nothing has been finally determined by it.   Awards are not valid unless they are final.   *Houston* v. *Pollard*, 9 Met. 164; *Purdy* v. *Delawer*, 1 Caines, 304.

*James Bell*, for the defendants.

I.   The award is conclusive in respect both to the rights of the parties in the future use of the property, and to past damages.   *Page* v. *Foster*, 7 N. H. Rep. 392; *Carey* v. *Wilcox*, 6 N. H. Rep. 177; *Goodrich* v. *Dustan*, 5 Met. 363; *Doe* v. *Rosser*, 3 East, 11.

The subject of the suit was specifically submitted, one of the matters referred being "the rights and liabilities of the parties in relation to the use of the water and stopping the same," and in such a case it is not competent for the plaintiff to except to the conclusiveness of the award, that he did not lay claims before the arbitrators, which were expressly embraced in the submission.   *Dunn* v. *Murray*, 9 B. & C. 780; *Smith* v. *Johnson*, 15 East, 213; *Warfield* v. *Holbrook*, 20 Pick. 531; *Kendall* v. *Stokes*, 3 How. 87; *Wheeler* v. *Van Houghton*, 12 Johns. 311.   And the case *Whittemore* v. *Whittemore*, 2 N. H. Rep. 26, whether consistent in the point which it decides, or otherwise, with the current of authority, cannot control the present, because it was a case of a general reference of all demands, and of an omission to lay before the referees a cause of action which was not made, in terms, a subject of arbitration.

Nor does the present belong to another class of cases, in which "all matters of difference" are referred, in which it has been held that a party may show a particular claim was not in controversy, and was not laid before the referees.

II.   The award is made sufficiently certain by its reference to known extrinsic facts and circumstances.   It is, in

substance, that the defendants shall have the right, by their dam, which forms a reservoir above the plaintiff's mill, to retain the water in sufficient quantities to operate their saw mill below the plaintiff's mill. This is a right beyond what the plaintiff would have possessed at common law, both in its nature and extent.

The restriction that they should exercise it in a proper, prudent and judicious manner, does not give the plaintiff his common law right to have the water flow to his mill unobstructed, or subject only to such slight obstruction as might necessarily be occasioned by the use of the water by the owners of mills above the plaintiff's, on the same stream. It merely protects him against any wanton or dangerous exercise of the defendants' rights.

The height and location of the dam, and the manner of using it, are capable of being made certain, and that is all that is necessary to render the award valid. *Santee* v. *Keister*, 6 Binn. 36 ; *Jackson* v. *Van Alen*, 14 Johns. 96 ; Caldwell Arb. 199, and cases referred to.

Certainty to a common intent is all that is required, and every presumption is to be made in favor of the validity of the award. Caldw. Arb. 109, 123 ; *Grier* v. *Grier*, 1 Dall. 173.

III. The award determines the rights of the parties, independently of the provision for mutual releases, which are directed, only if requested by either party of the other. *Monroe* v. *Allaire*, 2 Caines, 320 ; *McKinstry* v. *Solomons*, 2 Johns. 57 ; *Spofford* v. *Spofford*, 10 N. H. Rep. 254.

The case *Stonehewer* v. *Farrar*, referred to by the plaintiff's counsel, was one of palpable uncertainty in the award, and bearing no resemblance to the present in its facts.

*McDonald* v. *Bacon*, if to be regarded as an authority, proceeds principally upon the ground that the arbitrators erred in fixing the height of the water at the lower instead of the upper dam.

GILCHRIST, C. J. The injury alleged is that the defendants kept a dam on the brook above the plaintiff's shingle mill, obstructing the flow of water to the mill, and causing it to flow out of the channel and across the plaintiff's land into the brook below the mill, thus depriving him of the use of the mill, and injuring the land.

. The matter was submitted to arbitrators, and at the hearing the plaintiff made no claim on account of the injury to the land, and upon the trial he alleged that he made no claim at the hearing on account of the diversion of the water.

The submission was of all demands, &c., and was couched in the most comprehensive terms, including all controversies of whatever kind, and especially, whether the defendants had the right to stop the water from the plaintiff's mill, and also the rights and liabilities of the parties in relation to the use of the water, and stopping it.

The arbitrators awarded that the defendants had the right to stop enough water from the shingle mill for the use of their saw mill, by a dam above the Durgin bridge, and that they should not in any other manner obstruct the water.

It is contended that the award is void for uncertainty. But it seems to us that the matter submitted was adjudicated upon, and the judgment of the arbitrators expressed in the clearest language. The first matter submitted was, whether the defendants had a right to stop the water from the plaintiff's mill, and the award is that they had this right, to be exercised by a dam above the Durgin bridge. We think no language could make this clearer.

The arbitrators also exclude the conclusion that the defendants should in any other manner obstruct the water.

The parties also submitted the question of their rights and liabilities in relation to the use of the water, and stopping it. The arbitrators have also awarded upon this question. They have decided that the defendants may stop the water in a prudent, proper and judicious manner; that the

Pike v. Gage.

dam should be near the Durgin bridge, at the place where the dam now stands, and at its present height; that they may use water enough to operate the saw mill as it has been operated since the dam near the bridge has been built, and that they shall not in any other manner, or for any other purpose, stop the water, but shall permit the plaintiff to use it without molestation.

Now it would be very difficult to make the award more specific, without going so much into detail as would open a door to future litigation, and thereby defeat the object of the parties. It would be difficult, for instance, to specify in an award how the mill has been operated heretofore. That is a question of fact, upon which there may be contradictory evidence, and if the plaintiff thinks the defendants have operated their saw mill in a different manner, the question is a proper one for the jury.

The award is very general, and orders releases to be executed, and is a bar to all actions for causes existing prior to the time of the submission. Whether or not the award is a bar to any claim for injury to the plaintiff's land since the date of the submission, depends on the question whether such injury would result from stopping in a prudent, proper and judicious manner, enough water to operate the saw mill; and this, as has been said before, is a question of fact. If such injury is a necessary consequence of the existence of the dam, the award settles the right to keep up the dam, and would seem, therefore, to dispose of a claim of this character. If it is not a necessary consequence of the dam, it would seem that the plaintiff, upon proving that the water was stopped in an improper manner, would be entitled to recover.

Upon the trial, the plaintiff proposed to prove that the award was obtained by testimony that the defendants had never used the dam, or controlled the water, to the injury of the plaintiff. But testimony of this kind cannot be received. An award duly made is conclusive, unless fraud or corrup-

tion or mistake be shown. The evidence laid before the arbitrators cannot be inquired into for the purpose of setting aside the award. It is a judgment rendered by a tribunal selected by the parties, although not a formal judgment; and evidence to prove how the award was obtained amounts to an explanation of the award by parol, which is inadmissible; and although the referees might have erred in judgment, still, if their judgment had been fairly exercised, their award is good. *Greenough* v. *Rolfe*, 4 N. H. Rep. 357; *Carey* v. *Wilcox*, 6 N. H. Rep. 177; *Aldrich* v. *Jessiman*, 8 N. H. Rep. 516. So an error in the application of the rules of evidence will not alone constitute a sufficient reason for setting aside an award. *Johnson* v. *Noble*, 13 N. H. Rep. 286; *Fuller* v. *Wheelock*, 10 Pick. 136; *Hollingsworth* v. *Leiper*, 1 Dall. 161.

These cases are sufficient to show that the judgment of arbitrators, as to the admission of evidence, is final and conclusive, and therefore the fact that the award was obtained by such testimony as has been mentioned, furnishes no ground, in the absence of fraud, for setting it aside.

Upon consideration of these objections, the judgment of the court is that the award is valid.